# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10496

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2015

Lyle W. Cayce
Clerk

ALIX WASHINGTON; TINA WASHINGTON,

Plaintiffs–Appellants,

versus

BANK OF AMERICA, N.A.,
  Formerly Known as BAC Home Loans Servicing, L.P.,
  Formerly Known as Countrywide Home Loans Servicing, L.P.,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-1

Before SMITH, WIENER and GRAVES, Circuit Judges.

PER CURIAM:*

After their residence had been foreclosed on following default, Alix and Tina Washington sued the servicer of their home mortgage under several theories, including wrongful foreclosure, breach of contract, fraud, fraudulent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10496

inducement, negligent misrepresentation, and violation of certain Texas statutes. During the foreclosure proceedings, however, the Washingtons had signed a Move Out Agreement, consenting to vacate the premises and surrender any claims against the lender and its successors, in return for $2000. In the meantime, the Washingtons were able to occupy the house for a period of time despite being substantially behind on their payments.

In a Memorandum and Order that carefully examined the facts and applicable law, the district court granted the bank's motion to dismiss. Although the bank raised several defenses, the court found it necessary to address only one: that by the Move Out Agreement, the Washingtons had released their claims in return for the $2000. As the court explained, "[t]he move out agreement is clear and unequivocal . . . ; accordingly, its terms are binding. Plaintiffs are bound by their release and for that reason alone their claims are not plausible and must be dismissed." (Citations omitted.)

We have examined the briefs, pertinent parts of the record, and the relevant law and have heard the arguments of counsel. The judgment of dismissal is AFFIRMED, essentially for the reasons explained by the district court.